# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| Linda Rachels, | ) | |
| --- | --- | --- |
| | ) | Civil Action No.: 6:17-cv-00033-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to Magistrate Kevin F. McDonald's Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed and Plaintiff Linda Rachels' claims for disability insurance benefits and supplemental security income benefits be denied. (ECF No. 22.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (*id.*).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 22) is accurate; therefore, the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (*id.*). On January 24, 2018, the Magistrate Judge filed the Report (*id.*), and on February 7, 2018, Plaintiff timely filed an objection (ECF No. 24). On February 15, 2018, the Commissioner replied to Plaintiff's Objection (ECF No. 26).

## II. JURISDCITION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

## IV. ANALYSIS

The parties were advised of their rights to file objections to the Report. (ECF No. 22.) On February 7, 2018, Plaintiff filed an objection. (ECF No. 24.) In his Objection, Plaintiff asserts that: (1) the Magistrate Judge erred in his evaluation of the opinion of Plaintiff's counselor, Ms. Brooks-Bacote; (2) the Magistrate Judge erred in determining the Administrative Law Judge ("ALJ") accounted for all of Plaintiff's mental functional limitations in the ALJ's residual functional capacity ("RFC") assessment; (3) the Magistrate Judge erred in his evaluation of Plaintiff's subjective complaints; and (4) the Magistrate Judge erred in finding that substantial evidence supports the ALJ's RFC assessment. (*Id.*)

As to Plaintiff's first assertion, the court finds that the Magistrate Judge correctly found that the ALJ's evaluation of Ms. Brooks-Bacote's opinion was supported by substantial evidence. The court agrees with the Magistrate Judge that the ALJ appropriately determined that, under the regulations that are controlling in this matter, Ms. Brooks-Bacote is not an acceptable medical source. (ECF No. 22 at 17.) For claims like Plaintiff's, filed before March 27, 2017, the regulations define "acceptable medical sources" as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§

404.1502(a)(1)-(5), 416.902(a)(1)-(5).[1] Further, Ms. Brooks-Bacote's name appears on only four documents in the entire record; three of those are progress summaries for particular periods of time and the other document is a plan of care. (ECF No. 22 at 18.) Moreover, as the ALJ acknowledged, the language of Ms. Brooks-Bacote's assessment suggests that she based her statements primarily on the assertions made by Plaintiff and not clinical findings. (*Id*.) In addition, the Magistrate Judge aptly relied on the ALJ's finding that the severity of the limitations Ms. Brooks-Bacote opined was not supported by the findings of other sources treating Plaintiff at Aiken Barnwell Mental Health. (*Id*.)

Next, the court finds that the Magistrate Judge appropriately determined that the ALJ's assessment of Plaintiff's subjective complaints was supported by substantial evidence. With regard to the analysis of a claimant's subjective complaints, the Fourth Circuit has stated as follows:

> [T]he determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged . . . It is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.

*Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996).

However, a claimant's symptoms, including pain, are considered to diminish his capacity to work only to the extent that the alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. §§ 404,1529(c)(4), 416.929(c)(4). The Magistrate Judge properly concurred with the ALJ's determination that, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her

---

[1] For applications filed after March 27, 2017, the definition of "acceptable medical source" has been somewhat expanded. *See* 20 C.F.R §§ 404.1502(a)(6)-(8), 416.902(a)(6)-(8). However, the new regulations do not include therapists and counselors as acceptable medical sources. *See id*.

statements concerning the intensity, persistence, and limiting effects of the symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 22 at 22.) Notably, although the ALJ found Plaintiff's subjective complaints as to her mental limitations were not supported by the record to the degree she asserted, he gave credence to many of her mental complaints by providing significant limitations in the RFC assessment. (*Id*. at 24.)

Lastly, the court finds that substantial evidence supports the ALJ's RFC assessment. The ALJ found that Plaintiff had moderate restriction in her activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and no episodes of decompensation. (*Id*. at 25.) The RFC assessment found that Plaintiff's mental impairments limited her to: (1) simple, routine, repetitive tasks, not performed in a fast-paced production environment and involving only simple work-related instructions and decisions; (2) relatively few workplace changes, with non-threatening direct supervision; and (3) only occasional interaction with co-workers and no interaction with the general public. The court is convinced that the ALJ did consider Plaintiff's anger issues and interpersonal difficulties when creating the RFC assessment. The ALJ's RFC assessment is supported by Plaintiff's generally stable course of mental health treatment, treatment notes, GAF scores,[2] daily activities, and the findings of the state agency psychological consultants, who found that Plaintiff had moderate limitations in social functioning. (ECF No. 22 at 26.)

As long as substantial evidence—more than a mere scintilla, but less than a preponderance, of evidence—supports the ALJ's decision, it should be affirmed. *See, e.g.*, *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). The court determines that the ALJ's decision regarding Ms. Brooks-Bacote's opinion, Plaintiff's subjective complaints, and the ALJ's RFC assessment were supported by substantial evidence.

---

[2] A GAF score is a number between 1 and 100 that measures "the clinician's judgment of the individual's overall level of functioning." *See* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*, 32-34 (Text Revision 4th ed. 2000).

## V. CONCLUSION

Based on the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 9, 2018
Columbia, South Carolina